## SHERIFF'S ENTRY OF SERVICE

Civil Action No. **24SC-0472-B**

Date Filed **03/04/24 04:10 PM**

Attorney's Address **Graham, Evelyn**
**Schneider Williamson**
**5555 Glenridge Connector**
**Suite 650**
**Atlanta, GEORGIA 30342-**

Name and Address of Party to be Served.
**Wal-Mart Stores East, LP,**

**Registered Agent: 106 Colony Park Dr. Ste. 800-B**

**Cumming, GEORGIA 30040**

Superior Court ☐ Magistrate Court ☐
State Court ☒ Probate Court ☐
Juvenile Court ☐

Georgia, **FORSYTH** COUNTY

Doherty, Mai

Plaintiff

VS.

Wal-Mart Stores East, LP,

Defendant

Garnishee

SHERIFF'S ENTRY OF SERVICE

PERSONAL

☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS

☐ I have this day served the defendant ______ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ______ described as follows: age, about ____ years; weight ____ pounds; height, about ____ feet and ____ inches, domiciled at the residence of defendant.

CORPORATION

☒ Served the defendant The Corporation Company a corporation by leaving a copy of the within action and summons with Dayvon Jackson in charge of the office and place of doing business of said Corporation in the County.

TACK & MAIL

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST

☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this court.

This 8 day of March, 20 24

M. Shelton 2468
Deputy

# STATE COURT OF FORSYTH COUNTY
# STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
**24SC-0472-B**
**Judge T. Russell McClelland**
**MAR 04, 2024 04:10 PM**

Greg G. Allen, Clerk
Forsyth County, Georgia

CIVIL ACTION NUMBER 24SC-0472-B

Doherty, Mai

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP,

**DEFENDANT**

## SUMMONS

TO: WAL-MART STORES EAST, LP,

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Evelyn Graham**
**Schneider Williamson**
**5555 Glenridge Connector**
**Suite 650**
**Atlanta, Georgia 30342**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 4th day of March, 2024.**

Clerk of State Court

Greg G. Allen, Clerk
Forsyth County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-0472-B
Judge T. Russell McClelland
MAR 04, 2024 04:10 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| MAI DOHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**COMPLAINT FOR DAMAGES**
(Jury Trial Demanded)

COMES NOW Plaintiff in the above-styled civil action, and brings this Complaint against the above-named Defendant, and in support thereof, shows the Court as follows:

1.

Defendant Wal-Mart Stores East, LP is a foreign profit corporation located at 702 SW 8th Street, Bentonville, AR 72716. Defendant may be served through its registered agent located at 106 Colony Park Drive, Ste 800-B, Cumming, GA 30040.

2.

Defendant is subject to the jurisdiction of this Court and venue is proper pursuant to O.C.G.A. § 14-2-510(b)(1).

3.

On November 25, 2022, Plaintiff was an invitee-customer at store owned and/or operated by Defendant and located at 3655 Browns Bridge Road, Cumming, GA 30028.

4.

At said place and time, Defendant was responsible for keeping its premises safe and in good repair for invitees and licensees.

5.

At said place and time, Plaintiff was shopping at the subject Walmart when she slipped and fell on what was later revealed to be a puddle of water on the floor.

6.

At said place and time, Plaintiff had no knowledge of, and was unable to visualize or appreciate, the puddle of water.

7.

At said place and time, Defendant owed a duty to Plaintiff to exercise ordinary care to keep the premises safe, to not injure Plaintiff by maintaining a dangerous condition, and to warn Plaintiff of any hazardous conditions.

8.

No warnings or hazardous condition warnings were placed in a conspicuous location to warn Plaintiff of the hazard on the premises.

9.

Defendant breached its duty of care by, among other things, failing to keep the area safe for Plaintiff, failing to warn the Plaintiff of the dangerous condition, and failing to regularly inspect and/or maintain the area so as to discover and remove hazards.

10.

Defendant had actual or constructive knowledge of the hazardous condition.

11.

As a direct and proximate result of Defendant's negligence, Plaintiff sustained personal injuries and incurred extensive charges for medical care in excess of $179,504.72 to date and will incur additional medical and other expenses in the future.

12.

As a further result of Defendant's negligence, Plaintiff has suffered great physical and mental pain and suffering, inconvenience, inability to enjoy a normal life, and Plaintiff is entitled to judgment against Defendant for a sum to be determined by the jury to constitute full and complete compensation for all said injuries, past, present, and future.

WHEREFORE, Plaintiff prays for the following:

(a) That service of process issue upon Defendant as provided by law;

(b) That Plaintiff be awarded compensatory damages for medical and other expenses and general damages for pain and suffering, past, present and future in a sum and amount to be shown at trial in accordance with the enlightened conscience of an impartial jury;

(c) That Plaintiff have a trial by jury on all issues;

(d) The Plaintiff have such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

*_/s/ Evelyn Graham_*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Evelyn Graham
Georgia Bar No. 905953
Attorneys for Plaintiff

SCHNEIDER WILLIAMSON LLC
5555 Glenridge Connector, Suite 650
Atlanta, Georgia 30342
(770) 394-0047
Jason@schneiderwilliamson.com
Campbell@ schneiderwilliamson.com
Evelyn@schneiderwilliamson.com

*/s/ Ethan Pham*
Ethan Pham
Georgia Bar No. 221681
Attorney for Plaintiff

NGUYEN & PHAM, LLC
1805 Shackelford Ct
Suite 100
Norcross, Georgia 30093
(770) 685-7561

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-0472-B
Judge T. Russell McClelland
MAR 04, 2024 04:10 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

MAI DOHERTY,

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.

CIVIL ACTION
FILE NO.

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT**

Plaintiff hereby serves these Interrogatories upon the above-named Defendant as an opposite party and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33.

1.

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, or that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

2.

Do you contend that some other person or company, in whole or in part, is liable to Plaintiff in this matter or is liable, in whole or in part, to you? Please state "yes" or "no." If your answer is in any way in the affirmative, state the full name, address, and telephone number of that person or company and the specific basis for any such contention(s).

3.

What entity or individual acted as or in the capacity of the owner operator for the Walmart located at 3655 Browns Bridge Road, Cumming, GA 30028 on November 25, 2022.

4.

Describe in detail how you contend the incident described in the Complaint occurred.

5.

Identify any and all expert witnesses you expect to call at the trial of this matter (as defined above), providing for each such expert the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

6.

Identify any and all persons whom you know or suspect witnessed the subject incident, or came upon the incident scene while the Plaintiff was still present.

7.

Identify any employees, representatives, agents, or independent contractors responsible for policing, inspecting, and maintaining the floors of Defendant's premises on November 25, 2022.

8.

Have you taken, or are you aware of, or have you obtained, any statement, be it oral or in writing, from the Plaintiff, any witness or other person purporting to have knowledge of any aspect of the subject incident? If so, identify the name of the person who gave the statement, state what was said by such person and state the name, address, and telephone number of anyone who overheard the statement or has possession, custody, or control of such statement, transcript, or summary of such statement.

9.

Identify any photographs, motion pictures, videotapes, surveys, charts, plats, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject incident, the site of the subject incident, or which in any way illustrates any facts relevant to the subject incident. As to each item, please state the nature of such item; how many of such items exist; the name, address and employer of the person making/supplying such item; and the identity of the person who presently possesses such item.

10.

Describe the extent of your knowledge of the existence of the wet floor on the premises described in the Complaint. Please provide the length of time the floor was wet.

11.

Was an investigation or report made by you or on behalf of you, your representatives, attorneys, or insurers, of or relating to the incident made the basis of this lawsuit? If your answer is in any way in the affirmative, as to each such investigation or report, please state the name, address, job title and description, and telephone number of the person(s) who participated in such investigation or report and who have received and/or currently have custody or control of any written report or other documentation of the investigation.

12.

State whether or not an inspection protocol or policy and procedure was in effect at the subject location on the date of the subject incident and describe the protocol and identify any company documents that describe said protocol or policy and procedure.

13.

For each inspection protocol or policy and procedure identified above, state whether or not it was performed and if so, by whom and describe the results.

14.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to you for the claims made in this lawsuit:

(a) Name of each insurance company issuing policy;

(b) Applicable liability limits concerning each policy;

(c) Policy number of each policy;

(d) Types of insurance coverage carried;

(e) Whether or not the defense of this action has been tendered to such any such insurer;

(f) Whether defense has been accepted by each such insurer to whom defense has been tendered;

(g) Whether this Defendant has made any claims under said policy or policies as a result of the occurrence herein;

(h) The nature, extent, and amount of any such claim or claims with said insurer(s); and

(i) Whether those claims have been paid by said insurer(s) and the amount of said payment(s).

15.

Were there video cameras in place at the subject establishment on the date of Plaintiff's fall? If so, state the following:

(a) Were the cameras operating on the date of Plaintiff's fall?

(b) The location of each camera and the area it filmed.

(c) Did any camera film the area where Plaintiff fell?

(d) Was the videotape(s) reviewed to see if it filmed Plaintiff's fall or any alleged inspection of the area of Plaintiff's fall prior to her fall? If so, by whom and when?

(e) If any such videotape(s) exist, state the current location and custodian.

16.

What is your protocol for retaining videotapes:

(a) In the ordinary course of business?

(b) In the event of an incident such as an injury on the premises that may lead to a claim being presented to you?

(c) Who was responsible for implementing this protocol at the subject store on the date of the subject incident?

17.

Please identify by name, address and telephone number the any employee who supervised the operations at the premises on November 25, 2022.

18.

Identify any and all work orders, complaints, or receipts relating to any maintenance or repair of Defendant's premises that was completed or scheduled, and identify the entity in which completed the maintenance or repair, or was scheduled to do so.

19.

Please describe each and every warning you claim you provided to Plaintiff or others regarding any danger associated with the subject floor or surface in the subject premises from which Plaintiff was injured.

20.

Please identify with specificity all injury claims, complaints or ordinance violations/warnings made against you or your business regarding any interior floors, walkways, or area on the subject premises including, but not limited to , the area where Plaintiff was injured, either before or after the incident that is the subject matter of this litigation, including the date, time, and place of occurrence; the name, address and telephone number of all parties involved in said accident; the address of all investigating people or departments, personal injuries, if any, claimed in such incident; a short description of how the incident occurred, and whether suit was filed.

21.

Please identify all non-party request that you send in this litigation and include the name of the non-party, the date the request was sent, and whether you have received responsive information.

Respectfully submitted,

*/s/ Evelyn Graham*

Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Evelyn Graham
Georgia Bar No. 905953
Attorneys for Plaintiff

SCHNEIDER WILLIAMSON LLC
5555 Glenridge Connector, Suite 650
Atlanta, Georgia 30342
(770) 394-0047

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-0472-B
Judge T. Russell McClelland
MAR 04, 2024 04:10 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| MAI DOHERTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. |
| WAL-MART STORES EAST, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT**

Plaintiff hereby requests pursuant to the Georgia Civil Practice Act, that the above-named Defendant produce to the law offices SCHNEIDER WILLIAMSON LLC, 5555 Glenridge Connector, Suite 650, Atlanta, Georgia 30342, no later than forty-five (45) days from the date of service, the documents and things described below that are in the possession, custody, and control of Defendant, their employees or subordinates, agents, and/or attorneys.

1.

Please produce a schematic of the Walmart located at 3655 Browns Bridge Road, Cumming, GA 30028 which indicates or reflects the location of the area of the subject incident and the location and direction of every camera within the subject property.

2.

Please produce true, accurate and complete copies of any and all documents relating to your contention that some other person or company is, in whole or in part, liable to Plaintiff in this matter or is liable, in whole or in part, to you in this matter.

3.

Please produce true, accurate and complete copies of any and all documents reflection who was the owner/operator of the Walmart located at 3655 Browns Bridge Road, Cumming, GA 30028 on November 25, 2022.

4.

Please produce true, accurate and complete copies of any and all policies, procedures, training manuals, and other documents or things that pertain to injury accidents, safety, maintenance, inspection procedures and protocols for the subject premises.

5.

Please produce true, accurate and complete copies of any and all cleaning or inspection logs for the Walmart located at 3655 Browns Bridge Road, Cumming, GA 30028 for the month of November 2022.

6.

Please produce true, accurate and complete copies of any and all records or documents indicating any repair, replacement or other maintenance (including daily cleaning) to the floors of the premises.

7.

Please produce true, accurate and complete copies of any report(s) of each and every individual you expect to call at the trial of this matter to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

8.

Please produce true, accurate and complete copies of any and all photographs, diagrams, videotapes, maps, plats, charts, or other graphic, pictorial, or demonstrative evidence reflecting the scene of the subject incident of Plaintiff's fall.

9.

Please produce any and all documents, forms, electronic data, or otherwise which contain a record of any and all review of any and all video surveillance which captured the incident, the last reasonable inspection, and how long the hazard condition remained on the floor where the subject incident occurred.

10.

Please produce true, accurate and complete copies of any and all statements of Plaintiff, any witness or other individual purporting to have knowledge of the subject incident.

11.

Please produce true, accurate and complete copies of any and all similar incidents resulting in injury occurring at the subject store.

12.

Please produce true, accurate and complete copies of any and all policies of insurance (to include the Declarations pages and Certificate of Coverage) which do or may afford liability insurance coverage to this Defendant for the claims made in this lawsuit.

13.

Please produce any videotape or photographs of the Plaintiff in your possession.

14.

Please produce the personnel files for any and all employees or contractors responsible for floor policing, maintenance, and inspections on duty on the date of the subject incident.

15.

Please produce any documents or tangible things upon which you base your denial of liability for the damages alleged in the Complaint, or which you claim supports your denial of liability or denial of the amount of damages.

16.

Please produce a list of all of your employees, contractors, agents, or representatives who worked at the subject store on the date of the incident.

17.

Please produce all documents obtained through Requests to Non-Parties pursuant to O.C.G.A. § 9-11-34.

Respectfully submitted,

*/s/ Evelyn Graham*

Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Evelyn Graham
Georgia Bar No. 905953
Attorneys for Plaintiff

SCHNEIDER WILLIAMSON LLC
5555 Glenridge Connector, Suite 650
Atlanta, Georgia 30342
(770) 394-0047

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-0472-B
Judge T. Russell McClelland
MAR 15, 2024 12:45 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY
STATE OF GEORGIA**

MAI DOHERTY,

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.

_______________________________________/

Civil Action File No. 24SC-0472-B

**ANSWER OF DEFENDANT**

COMES NOW, Defendant Wal-Mart Stores East, LP, and makes this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant denies the allegations contained in paragraph 1 of Plaintiff's Complaint. Defendant Wal-Mart Stores East, LP is a limited partnership.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint, at this time only.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

5.

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint, if, in fact, Plaintiff fell.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff’s Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's Complaint. The applicable statute and case law speak for themselves.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

Defendant denies Plaintiff's prayer for relief, including all subparts thereof, (a) – (d).

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

This the 15th day of March, 2024.

(SIGNATURE ON FOLLOWING PAGE)

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **ANSWER OF DEFENDANT WAL-MART STORES EAST, LP** has this day been filed and served upon opposing counsel via PeachCourt.

This the 15th day of March, 2024.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-0472-B
Judge T. Russell McClelland
MAR 15, 2024 12:45 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

MAI DOHERTY,

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.

Civil Action File No. 24SC-0472-B

______________________________/

**NOTICE OF TAKING DEPOSITION**

YOU ARE HEREBY notified that beginning on the 10th day of July, 2024, commencing at 11:00 a.m., via Zoom videoconferencing, the deposition will be taken of Mai Doherty. Said deposition will be taken for purposes of discovery and all other purposes provided by law before an officer duly authorized to administer oaths. The deposition shall continue from day-to-day until completion. This deposition may also be videotaped by a videographer.

This the 15th day of March, 2024.

McLAIN & MERRITT, P.C.

______________________________
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **NOTICE OF TAKING DEPOSITION** has this day been filed and served upon opposing counsel via PeachCourt.

This the 15th day of March, 2024.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-0472-B
Judge T. Russell McClelland
MAR 15, 2024 12:45 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

MAI DOHERTY,

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.

Civil Action File No. 24SC-0472-B

______________________________________/

**12-PERSON JURY DEMAND**

COMES NOW Defendant, Wal-Mart Stores East, LP, and demands a trial by a jury of twelve (12) persons.

This the 15th day of March, 2024.

McLAIN & MERRITT, P.C.

______________________________
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via PeachCourt.

This the 15th day of March, 2024.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

EFILED IN OFFICE
CLERK OF STATE COURT
FORSYTH COUNTY, GEORGIA
24SC-0472-B
Judge T. Russell McClelland
MAR 15, 2024 12:45 PM
Greg G. Allen, Clerk
Forsyth County, Georgia

**IN THE STATE COURT OF FORSYTH COUNTY**
**STATE OF GEORGIA**

MAI DOHERTY,

Plaintiff,

v.

WAL-MART STORES EAST, LP,

Defendant.

Civil Action File No. 24SC-0472-B

______________________________/

**CERTIFICATE REGARDING DISCOVERY**

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned hereby certifies that the following discovery has been served upon all persons identified in the Certificate of Service attached hereto and incorporated herein by reference:

1) DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF
2) DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO PLAINTIFF

This the 15th day of March, 2024.

McLAIN & MERRITT, P.C.

______________________________
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via PeachCourt.

This the 15th day of March, 2024.

McLAIN & MERRITT, P.C.

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E., Suite 500
Atlanta GA 30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com